UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
MIZANUR RAHMAN,

        Petitioner,

- against -

UNITED STATES OF AMERICA,

        Respondent.
-----------------------------------------------------------x

OPINION & ORDER

No. 13-cv-2775 (NG) (RML)
No. 07-cr-745 (NG)

**GERSHON, United States District Judge:**

On October 12, 2007, petitioner Rahman pled guilty, pursuant to a cooperation agreement, to an information charging him with one count of conspiracy to commit bank fraud in violation of 18 U.S.C. § 1349. Rahman had a leadership role in a wide-ranging mortgage fraud scheme. Unfortunately, he continued to engage in similar activities and therefore was found in breach of his agreement. In advance of, and at, his sentencing, there were many disputes, which were addressed by the probation department, the government and his lawyer. Ultimately, he was sentenced principally to 87 months in custody. Now before the court is his petition under 28 U.S.C. § 2255 challenging his sentence.

Rahman was advised of, and acknowledged, his right to an appeal. Transcript of Sentencing May 2, 2012 ("Sent. Tr.") at 46-47. Nonetheless, he filed no direct appeal of his conviction or sentence. All of the claims he now raises, with the exception of his ineffectiveness of counsel claim, were fully available to him and indeed litigated at the sentencing. He offers no cause for failing to raise the claims on direct appeal. In fact, he says in his petition that he did not file a direct appeal because "there was no error from or by your Honorable Court." Petition at 6.

Therefore, all of his claims, except that of counsel's ineffectiveness, *see Massaro v. United States*, 538 U.S. 500 (2003), are procedurally barred.

Turning to the ineffectiveness of counsel claim, the petitioner challenges his defense counsel's advocacy in three areas. They will be addressed in turn.

As an initial matter, under the standard set forth in *Strickland v. Washington*, to succeed on a claim of ineffective assistance of counsel, a petitioner must "show that counsel's representation fell below an objective standard of reasonableness" and that "the deficient performance prejudiced the defense." 466 U.S. 668, 688 (1984). Counsel's performance is constitutionally deficient where "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. Upon judicial review of counsel's performance, it is strongly presumed that counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690. Further, "an error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691. Therefore, to make the required showing of prejudice, Rahman must establish "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

The petitioner bears the burden of establishing both deficient performance and prejudice. *See United States v. Birkin*, 366 F.3d 95, 100 (2d Cir. 2004). Accordingly, "there is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." *Strickland*, 466 U.S. at 697. "If it is easier to dispose of an infectiveness claim" on one of the components, without addressing the other, "that course should be followed." *Id.*

1. **Acceptance of Responsibility.**

Petitioner argues that counsel was inadequate in not advocating for a three level reduction from his Guidelines for his acceptance of responsibility. Counsel in fact did advocate for a three level reduction to his Guidelines and argued extensively about the scope of petitioner's cooperation and the risks to the petitioner that cooperation entailed. Counsel agreed at the sentencing that the court needed the government's consent to award a third point, and it was clear that the government, which argued against even a two point reduction, was not acting in bad faith. In fact, I acknowledged that I would have been authorized to deny even the two points to Rahman since he could have been seen as not accepting responsibility. As I stated, he "became utterly useless to the government in terms of substantial assistance" in that his lies to the government and commission of crimes after he signed his agreement precluded his usefulness as a witness. Sent. Tr. at 25-26. Nonetheless, I elicited from the government that Rahman's cooperation had profoundly assisted the government in obtaining guilty pleas from co-defendants before his further crimes were committed or became known. Sent. Tr. at 26-28, 42. Under all the circumstances, over the government's objection, I awarded two levels off for his acceptance of responsibility. Most importantly, defense counsel, who argued strenuously on behalf of his client, cannot be faulted.

2. **Loss and Restitution.**

Initially, defense counsel objected both to the loss amount and the restitution amount proposed by the Probation Department. The government then accepted defense counsel's analysis of the manner in which the loss amounts should be calculated, namely, that only the fraudulent loans in which Rahman was directly involved should be considered; it then recalculated the loss amount, which, at over $5 million, remained within the range of $2.5 to $7 million, making the

offense level higher than the base level by 18 levels. Defense counsel, based upon the government's new calculation, for which there was ample support, then accepted that level. Petitioner has not shown that his counsel's vigorous advocacy, and ultimate decision, were not well within the range of professional conduct. *See Percan v. United States*, 294 F. Supp. 2d 505, 516 (S.D.N.Y. 2003).

With respect to the appropriate restitution amount, Rahman himself as well as counsel agreed to the amount, $2,594,250, at sentencing. *See* Sent. Tr. at 4. Although a lower amount had been estimated at the time of Rahman's plea, the government explained, correctly, that Rahman's obligation to pay restitution was not limited to the gain to the petitioner alone but rather included joint and several liability for all of the losses associated with his fraudulent loans.

Counsel's advocacy on these issues has not been shown to be constitutionally deficient.

3.   **Disparity Among Defendants.**

Counsel for Rahman argued at some length regarding the alleged potential for disparity of sentencing among similarly situated defendants were he to be sentenced within his Guidelines. The government did not agree with the defense's analysis of the relative culpability of Rahman and his co-defendant Mr. Munshie, who had received a sentence of 42 months. Other possible discrepancies among the sentences imposed by other judges on other co-defendants were explained by the government at my request. In any event, counsel has not been shown deficient in his advocacy.

In fact, based upon my review of the entire sentencing record, I find that petitioner's counsel at sentencing was an able and effective advocate. Petitioner's claims are without merit.

Finally, there is no sound reason to hold an evidentiary hearing as all of the issues the defendant **[petitioner]** raises are fully developed on the record before the court.

4

In sum, the petition for a writ of habeas corpus pursuant to 28 U.S.C § 2255 is denied. As Rahman has not made a "substantial showing of the denial of a constitutional right," a certificate of appealability shall not issue. 28 U.S.C. § 2253(c). The Clerk of Court is directed to enter judgment for respondent.

**SO ORDERED.**

s/ Nina Gershon
**NINA GERSHON**
**United States District Judge**

Dated: July 20, 2016
Brooklyn, New York